988 F.2d 130
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James H. IRISH, III, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 92-3368.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1993.
 
 53 M.S.P.R. 177.
 AFFIRMED.
 Before MAYER, RADER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 James H. Irish, III, petitions for review of the decision of the Merit Systems Protection Board sustaining his removal from the Office of Thrift Supervision of the Department of the Treasury pursuant to a reduction in force. No. DE0351910426I-1 (March 12, 1992). We affirm.
 
 
 2
 We find no abuse of discretion on the part of the administrative judge (AJ) in denying Irish's motions to compel discovery and in limiting the number of witnesses to be called at his hearing. The AJ has wide discretion in controlling the proceedings under 5 C.F.R. § 1201.41 (1992) and a decision on procedural matters related to discovery and evidentiary issues will not be overturned " 'unless an abuse of discretion is clear and harmful.' " McEnery v. Merit Systems Protection Board, 963 F.2d 1512, 1514 (Fed.Cir.1992) (quoting Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1986)). The AJ may properly deny discovery or exclude evidence or testimony that is irrelevant or unduly repetitious.
 
 
 3
 We agree with the AJ that the matters at issue in Irish's case were whether the reduction in force was instituted for a bona fide reason and whether it was properly implemented as it affected Irish or was the result of discrimination. According to the record, the discovery requested was not relevant to the issues before the board and Irish has not convinced us otherwise. He also has not shown the relevance of the excluded witnesses or how the exclusion resulted in prejudice. The AJ was in a much better position than we are to determine the relevance of the requested discovery and proposed testimony and to judge the potential for repetition and undue delay.